647 S.E.2d 208

**In the Matter of Harold L. SWAFFORD, Respondent.**

**No. 26338.**

Supreme Court of South Carolina.

Submitted May 15, 2007.

Decided June 11, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William R. Bauer, of Columbia, for Respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On or about April 11, 2003, respondent closed a real estate transaction. During the closing, the buyer executed a mortgage. Respondent signed as a witness to the execution of the mortgage.

After the closing and outside the presence of the buyer, respondent presented the mortgage to his assistant and requested she also sign as a witness to the execution of the mortgage. The assistant signed the mortgage as requested even though she had not been present during the execution of the mortgage.

Respondent then requested his assistant sign a statement under oath in which she attested that she saw the buyer execute the mortgage and that she, along with respondent, had witnessed the execution of the document. The assistant signed the statement and respondent notarized her signature. At the time respondent notarized his assistant's signature on the statement, he knew the assistant had neither seen the buyer execute the mortgage nor himself witness the execution of the mortgage.

In response to its inquiry, respondent sent ODC a letter dated September 13, 2004, in which he stated all documents at the closing were properly witnessed. At the time respondent sent this letter, he knew the statement was false.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 4.1 (in the course of representing a client, a lawyer shall not knowingly make a false statement of

12

material fact to a third person); Rule 5.3 (lawyer shall make reasonable efforts to ensure non-lawyer employee's conduct is compatible with the professional obligations of the lawyer); and Rule 8.1 (lawyer shall not knowingly make false statement of material fact in connection with a disciplinary matter). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.